**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Laura Niederquell, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| Averitt Express, Inc, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Laura Niederquell ("Plaintiff" or "Ms. Niederquell"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Averitt Express, Inc ("Defendant"), and respectfully shows this Court as follows:

## NATURE OF COMPLAINT

1.     Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.     This action seeks declaratory relief and damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e, et seq. (hereinafter "Title VII"), and other applicable

state and federal laws, for subjecting her to wrongful and negligent sexual harassment.

## JURISDICTION AND VENUE

3.     Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 216 (b), and 28 U.S.C. § 1343(a)(4).

4.     Defendant is a foreign corporation conducting business within this District, and the unlawful employment practices alleged in this Complaint were committed within this District

5.     Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

6.     Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 15, 2018.

7.     The EEOC issued a "Notice of Suit Rights" on March 28, 2019 entitling an action to be commenced within ninety (90) days of receipt of the notice.

8.     Plaintiff brings this suit within ninety (90) days of receipt of the Notice of Rights to Sue.

## THE PARTIES

9.     At all times relevant to this matter, Defendant Averitt Express, Inc. employed Ms. Niederquell. Ms. Niederquell submits herself to the jurisdiction of this court.

10.     Defendant is a foreign for-profit corporation licensed to do business within Georgia, and at all times material hereto Defendant has conducted business within this District.

11.     During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

12.     Defendant Averitt Express may be served through its Registered Agent, Paranet Corporate Services, at 3675 Crestwood Parkway, Suite 350, Duluth, GA 30096.

## FACTUAL ALLEGATIONS

13.     Defendant hired Ms. Niederquell on or about November 14, 2016, as a Trucker.

14.     Defendant's employee Talmadge Clements ("Mr. Clements") began subjecting Ms. Niederquell to unwelcomed sexual advances and began stalking her in 2017.

15.    Defendant allowed Mr. Clements, to subject Ms. Niederquell to severe and pervasive sexual harassment while she was an employee.

16.    Defendant was aware of Mr. Clements propensity to sexually harass its female employees, including Ms. Niederquell.

17.    Despite Defendant's knowledge of Mr. Clement's propensity to sexually harass females, including Ms. Niderquell, Defendant took no action to prevent Mr. Clement from sexually Ms. Niederquell.

18.    When Ms. Niederquell first met Mr. Clements through their employment with Defendant, she was going through a divorce, and Mr. Clements was married.

19.    When Mr. Clements learned Ms. Niederquell's divorce was final, his sexual advances and stalking of Ms. Niederquell became more intense, despite the fact he was and is still married.

20.    For example, Mr. Clements told Ms. Niederquell, "I was hoping I would be your first after your divorce."

21.    Mr. Clements told Ms. Niederquell about problems with his marriage, including a lack of sexual intercourse with his wife.

22.    Mr. Clements repeatedly told Ms. Niederquell he loved her.

23.    Mr. Clements told Ms. Niederquell he trusted her more than his wife.

4

24. Mr. Clements would force Ms. Niederquell to hug him by blocking her path and saying "I'm not leaving until I get that hug."

25. Mr. Clements repeatedly invited Ms. Niederquell to go with him to various activities outside of work.

26. Mr. Clements repeatedly invited himself to Ms. Niederquell's property.

27. Mr. Clements persistently called and texted Ms. Niederquell outside of work.

28. Mr. Clements became possessive of Ms. Niederquell such that when he saw Ms. Niederquell in proximity to another male, he would approach and insert himself into her conversations and question Ms. Niederquell about her relationships with or "interests" in other men.

29. Ms. Niederquell repeatedly rebuffed Mr. Clements advances, refused his invitations to spend time together outside work, and refused to allow him to come to her property.

30. Ms. Niederquell repeatedly told Mr. Clements their interactions must remain professional only and reminded him that he was a married man.

31. In response to her rebuffs, Mr. Clements cried to Ms. Niederquell and told her he didn't "want to lose her."

32.   Mr. Clements would park his truck in front of Ms. Niederquell's truck to block her from leaving the Defendant's property.

33.   Mr. Clements would stay on Defendant's property for hours before or after his shift to wait for Ms. Niederquell to arrive to work.

34.   Mr. Clements would drive around Defendant's property to find Ms. Niederquell's truck so that he could leave her notes and candy inside the truck.

35.   Mr. Clements repeatedly tried to get Ms. Niederquell alone with him in the presence of guns, both by inviting her to shoot guns and by pressuring her to buy a gun from him.

36.   Mr. Clements's advances became so persistent and conspicuous, it was obvious to other employees of Defendant, including managers and supervisors, that Mr. Clements was pursuing Ms. Niederquell.

37.   Other employees of Defendant teased and questioned Ms. Niederquell about Mr. Clements advances towards her.

38.   Other employees of Defendant began serving as look-outs for Ms. Niederquell to warn her when Mr. Clements was waiting or looking for her at work.

39.   At least one employee of Defendant advised Ms. Niederquell she may need to get a weapon to protect herself from Mr. Clements.

40. At least one employee of Defendant told Ms. Niederquell he was afraid Mr. Clements would bring a gun to work to shoot her and other employees.

41. In October 2018, Ms. Niederquell complained about Ms. Clements sexual advances and stalking to Defendant's Night Shift Manager Rob Thomas ("Mr. Thomas").

42. Mr. Thomas literally put his hands over his ears and told Ms. Niederquell he didn't want to hear her complaints.

43. Defendant failed to take any action to correct or prevent the sexual advances and stalking to which Mr. Clements's subjected Ms. Niederquell.

44. Mr. Clements's persistent sexual advances and stalking, coupled with Defendant's failure and refusal to take any action to correct or prevent Mr. Clements's conduct, caused Ms. Niederquell to fear for her safety.

45. As a result, Ms. Niederquell submitted a written complaint about Mr. Clements's conduct and a letter of resignation on November 6, 2018.

46. Defendant retained Mr. Clements as an employee after Mr. Niederquell's complaints of sexual harassment.

47. Defendant's conduct constitutes a constructive discharge of Ms. Niederquell's employment.

48.    After the constructive discharge of Ms. Niederquell's employment, Defendant's human resources personnel informed Ms. Niederquell she was "not eligible for rehire."

49.    Mr. Clements's sexual advances and stalking of Ms. Niederquell continued from 2017 through the end of her employment November 2018.

50.    The sexual harassment Ms. Niederquell endured was severe and pervasive.

51.    Defendant created a hostile work environment that Ms. Niederquell was required to endure as a condition of her employment.

52.    Defendant chose not to take reasonable steps to prevent sexual harassment from occurring, despite the knowledge of its employee's propensity for sexual harassment.

53.    Ms. Niederquell endured severe emotional distress as a result of Mr. Clements's conduct and Defendant's failure to remedy it.

54.    Defendant failed to take appropriate remedial actions to correct the sexual harassment.

55.    Defendant ratified Mr. Clements's sexual harassment by constructively terminating Ms. Niederquell's employment after her complaints of sexual harassment but retaining Mr. Clements as an employee.

## COUNT I
### Sexual Harassment in Violation of Title VII

56.    Plaintiff realleges the preceding as if set forth fully herein.

57.    Defendant's action in subjecting Plaintiff to severe and ongoing sexual harassment constitute unlawful discrimination on basis of Plaintiff's gender in violation of Title VII.

58.    Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

59.    The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her gender.

60.    As a direct and proximate result of all of the Defendant's violations of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

61.    Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II
### Negligent Failure to Prevent Sexual Harassment

62.    Plaintiff realleges the preceding paragraphs as if set forth fully herein.

63.    Defendant Averitt had a duty to Ms. Niederquell to prevent sexual harassment in the workplace.

64.    By virtue of the aforementioned conduct by Mr. Clements, and failure of Defendant Averitt to prevent sexual harassment, Defendant failed to use ordinary care to prevent sexual harassment in the workplace, causing Plaintiff to be sexually harassed.

65.    Defendant's conduct was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

66.    Defendant is thus liable to Plaintiff for damages to her peace, happiness and feelings sustained as a result.

## <u>COUNT III</u>
### Negligent and Wrongful Hiring, Retention, and Supervision

67.    Plaintiff realleges the preceding paragraphs as if set forth fully herein.

68.    Defendant knew, or in the exercise of ordinary diligence, should have known of the propensity of its employees, including Mr. Clements, to engage in sexually offensive conduct towards other employees, and Ms. Niederquell in particular.

69.    Mr. Clements's actions were not wholly unrelated to his employment.

70.     Defendant nevertheless failed and refused to act to protect Ms. Niederquell from sexual harassment.

71.     Defendant is thus liable to Ms. Niederquell for all of the damages sustained as a result.

## COUNT IV
### Intentional Infliction of Emotional Distress

72.     Plaintiff realleges the preceding paragraphs as if set forth fully herein.

73.     Defendant's conduct was extreme and outrageous.

74.     Defendant allowed Ms. Niederquell to be subjected to sexual harassment by Mr. Clement and failed to take any corrective action.

75.     Defendant intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

76.     Defendant's conduct actually caused severe emotional distress to Plaintiff.

77.     Defendant is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

## COUNT V
### Invasion of Privacy

78.     Plaintiff realleges the preceding paragraphs as if set forth fully herein.

11

79.     The actions of Defendant give rise to the common law claim of Invasion of Privacy.

80.     Mr. Clements unjustifiably intruded upon Plaintiff's right to privacy by unreasonably interfering with her seclusion.

81.     Defendant ratified Mr. Clements's actions

82.     Defendant is responsible for Mr. Ortiz's invasion of privacy because it negligently supervised and/or retained Mr. Ortiz.

83.     As a direct and proximate cause of the actions of Defendant, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, and/or shame and embarrassment.

## COUNT VI
### Punitive Damages O.C.G.A. § 51-12-5.1

84.     Plaintiff realleges the preceding paragraphs as if fully set forth herein.

85.     The foregoing acts of Defendant were intentional and humiliating, and evidence a conscious disregard for the circumstances and rights of others, and a specific intent to cause harm. Ms. Niderquell is entitled to recover from Defendant, in addition to compensatory damages, an award of punitive damages under the law of Georgia to punish Defendant, or to deter from repeating such wrongful acts.

## COUNT VII
### Attorneys' Fees and Expenses of Litigation O.C.G.A. § 13-6-11

86.    Plaintiff realleges the preceding paragraphs as if fully set forth herein.

87.    Defendants have acted in bad faith, been stubbornly litigious, and/or caused Plaintiff unnecessary trouble and expense in litigating this case, and Plaintiff is thus entitled to recovery of the expenses of this litigation, including attorneys' fees, under Georgia law, including but not limited to O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

a.    General damages for mental and emotional suffering caused by Defendant's misconduct;

b.    Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

c.    Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

d.    Reasonable attorney fees and expenses of litigation;

e.    Trial by jury as to all issues;

f.    Prejudgment interest at the rate allowed by law;

g.    All other relief to which he may be entitled;

13

Respectfully submitted this 6th day of June, 2019.

LEGARE, ATTWOOD & WOLFE, LLC

/s/ Amelia A. Ragan

Amelia A. Ragan
Georgia Bar No. 831387

125 Clairemont Avenue, Suite 380
Decatur, GA  30030
Telephone: (470) 823-4000
Facsimile:  (470) 201-1212
aaragan@law-llc.com
*Attorney for Plaintiff*
*Laura Niederquell*